UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILLIE JOHNSON,

        Plaintiff,

v.

WELLS FARGO BANK,
AMERICA'S SERVING COMPANY,
TROTT AND TROTT, P.C. and
PARISA GHAZAERI,

        Defendants.
_____/

CIVIL ACTION NO. 08-11587

DISTRICT JUDGE JOHN FEIKENS
MAGISTRATE JUDGE DONALD A. SCHEER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' Motion to Dismiss the complaint seeking to set aside a home foreclosure should be GRANTED, pursuant to the Rooker-Feldman doctrine and res judicata.

\* \* \*

This matter originally came before the magistrate judge on Order of Reference for all pretrial matters. Plaintiff, proceeding pro se, filed a complaint, on April 14, 2008, seeking to set aside a bank foreclosure of her single family residence in Lathrup, Village, Michigan. Plaintiff alleges that on May 28, 2004, she entered into a mortgage agreement with Mortgage Electronic Registration Systems, Inc. She further alleges that, at some point, the mortgage was sold to U.S. Bank National Association (U.S. Bank). The mortgage loan was serviced by Defendant America's Servicing Company d/b/a Wells Fargo Bank. After the loan went into default, Wells Fargo commenced foreclosure proceedings in the name of U.S. Bank. Wells Fargo retained Defendant Parisa Ghazaeri, an attorney with the law firm of Defendant Trott and Trott, P.C., to represent them in the foreclosure proceedings.

On June 26, 2007, Plaintiff's real estate was sold at a foreclosure sale conducted by the Oakland County Sheriff's Department. A sheriff's deed was issued to U.S. Bank and duly recorded. Following the expiration of Plaintiff's statutory six month mortgage redemption period, an action seeking possession of the property was initiated in state court.

On July 20, 2007, Plaintiff filed an action in the Oakland County Circuit Court (Case Number 07-084482-CK) against Wells Fargo, America's Servicing Company and Trott and Trott, P.C. seeking to set aside the foreclosure sale and restore title to her. Plaintiff alleged that the defendants violated the Fair Debt Collection Practices Act (FDCPA) by failing to validate the debt. (See Exhibit E, attached to Defendants' Motion to Dismiss). Following a hearing on defendants motion for summary disposition, the Honorable Rae Lee Chabot entered summary judgment for defendants on August 13, 2008. The Order Granting Summary Disposition dismissed Plaintiff's complaint with prejudice and affirmed a Judgment for Possession in favor of the named defendants (See Exhibit I of Defendants Motion to Dismiss).

While the parties were litigating in state court, Plaintiff filed the instant complaint seeking to set aside the foreclosure sale of her residence. Plaintiff again alleged that Defendants violated her rights under the FDCPA, as well as her due process rights under the Fourteenth Amendment. Plaintiff sued the same three defendants as she did in the state court action, but added attorney Parisa Ghazaeri,[1] for her part in representing the bank in the foreclosure proceedings. Plaintiff sought both general and punitive damages.

---

[1] It is unclear as to why Plaintiff added Defendant Parisa Ghazaeri as a party in this federal action since there is no allegation that the attorney was involved in any wrongdoing. In any event, any claims against Defendant Ghazaeri should be dismissed as wholly lacking in merit, as she did not owe any duty to Plaintiff.

**2**

Defendants filed a Motion to Dismiss on November 7, 2008, asserting that the instant Complaint should be dismissed pursuant to the Rooker-Feldman doctrine and res judicata. Defendants argue that the final judgement they obtained on the merits in Oakland County Circuit Court precludes Plaintiff from re-litigating any issues in federal court that were or could have been raised in the earlier state action. Plaintiff has not filed a response to Defendants' Motion to Dismiss to date.

ANALYSIS AND DISCUSSION

In view of the extensive state court proceedings, I am persuaded that Plaintiff's Complaint in this case as to Defendants Wells Fargo Bank, America's Servicing Company and Trott and Trott, P.C. must be dismissed. Fed.R.Civ.P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."

> The United States Supreme Court has held that if a state court, acting judicially, has decided a matter, a federal court is barred as a matter of jurisdiction from reviewing what the state court has done. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed. 2nd 206 (1983) ("United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may only be had in this Court.")

Gabhart v. Cocke County, Tennessee, 155 Fed.Appx. 867 (6th Cir. 2005), 2005 WL 3196601 (quoting Feldman, 460 U.S. at 486). The Rooker-Feldman abstention doctrine "stands for the simple . . . proposition that lower federal courts do not have jurisdiction to review a case litigated and decided in a state court; only the United States Supreme Court

**3**

has jurisdiction to correct state court judgments. Anderson v. Charter Township of Ypsilanti, 266 F.3d 487, 492 (6th Cir. 2001) (citing Gottried v. Med. Planning Servs., 142 F.3d 326, 330 (6th Cir. 1998).

A state court proceeding has granted Defendants Wells Fargo Bank, America's Servicing Company and Trott and Trott, P.C. a Judgment on the merits for possession of the property. An Order of this court interfering with that possession necessarily implies that the state court was wrong. "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Pennzoil Co. v. Texeco, Inc., 481 U.S. 1, 25 (1987) (Marshal, J. concurring).

Even if Plaintiff's claims against Defendants were not withdrawn from this court's jurisdiction by the Rooker-Feldman Doctrine, they would be precluded by long established concepts of res judicata. A district court is empowered to raise res judicata sua sponte in the interest of promoting judicial economy. Halloway Construction Co. v. U.S. Department of Labor, 891 F.2d 1211 (6th Cir. 1990) (citing United States v. Sioux Nation of Indians, 448 U.S. 371, 432 (1980).

28 U.S.C. §1738 provides that the judicial proceedings of any state, territory or possession of the United States "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such state, territory or possession from which they are taken." The Supreme Court of the United States has held that the statute obliges federal courts to give the same preclusive effect to a state court judgment as would the courts of the state rendering the judgment. McDonald v. City of West Branch, Michigan, 466 U.S. 284 (1984). Thus, if an individual would be

precluded from litigating an action in state court by traditional principles of res judicata, she is similarly precluded from litigating her suit in federal court. Gutierrez v. Lynch, 286 F.2d 1534 (6th Cir. 1987). It is well established that §1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Marrese v. American Academy of Orthopedic Surgeons, 470 U.S. 373, 380 (1985). Thus, if a state court precludes an action, then a federal court must also preclude it, unless Congress has created or intended to create an exception. Id.

The Michigan Supreme Court has adopted a "broad application" of the res judicata doctrine, barring both claims actually litigated in a prior action and those claims arising out of the same transaction which plaintiffs could have brought but did not. Schwartz v. Flint, 187 Mich.App. 191, 194 (1991). "To constitute a bar, there must be an identity of the causes of action, that is, an identity of facts creating the right of action and of the evidence necessary to sustain each action." Westwood Chemical Co. v. Kulick, 656 F.2d 1224, 1227 (6th Cir. 1981) (citations omitted). "Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical." Eaton County Road Commission v. Schultz, 205 Mich.App. 371, 375 (1994). "This doctrine requires that (1) the first action be decided on the merits, (2) the matter contested in the second case was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." Id. at 376. I am satisfied that each of the elements is fully satisfied in this case as to Plaintiff's claims against Defendants.

It is readily apparent that Plaintiff's state court proceedings against Defendants and her claims in this action arise from the very same mortgage transaction. Plaintiff's FDCPA claim has been finally determined in the state court. Her due process claims are based

**5**

upon statutory obligations imposed in connection with the negotiation and execution of the same financial transactions. Any claim relating to the Plaintiff's grant of a mortgage on her real estate to Wells Fargo Bank d\b\a America's Servicing Company, as nominee of U.S. Bank was necessarily ripe for adjudication at the time of the foreclosure of the mortgage in 2007.

Plaintiff could (and should) have raised her procedural due process claims against the Defendants in her earlier state court action. Based upon the contractual privity between the defendants in connection with her mortgage, Defendant Ghazaeri is also entitled to the benefit of claim preclusion. Futura Devel. Corp. v. Centex Corp., 761 F.2d 33, 44 (1st Cir.), cert. denied 106 S.Ct. 147 (1985) (claim preclusion not defeated by adding as a defendant an attorney affiliated with the defendants in an earlier action. Plaintiff cannot have it both ways, i.e. claim liability on the basis of defendants' relationship, while denying that they have sufficient identity of interest to benefit from the earlier judgment.) The judicial disposition of her claim against the defendants on their Motion for Summary Disposition under MCR 2.116 constituted a final judgment on the merits for purposes of later invoking the doctrine of res judicata. Chakan v. City of Detroit, 998 F.Supp. 779 (E.D. Mich. 1998); ABB Paint Finishing v. Nat'l Fire Ins., 223 Mich.App. 559 (1997). I am satisfied that Plaintiff's failure to assert her due process claims against the defendants in her 2007 action in the Oakland Circuit Court would preclude their assertion in a subsequent state court action. Accordingly, 28 U.S.C. §1738 requires this court to give the same preclusive effect to the Oakland Circuit Court judgment. The Complaint should be dismissed as to all Defendants.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Feiken's acceptance thereof is waived.

                                      s/Donald A. Scheer
                                      DONALD A. SCHEER
                                      UNITED STATES MAGISTRATE JUDGE

DATED: April 29, 2009

_____

## CERTIFICATE OF SERVICE

I hereby certify on April 29, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 29, 2009: **Millie Johnson.**

                                      s/Michael E. Lang
                                      Deputy Clerk to
                                      Magistrate Judge Donald A. Scheer
                                      (313) 234-5217